REPLEVIN — TITLE TO PROPERTY — MITIGATION OF DAMAGES—FRAUDULENT DEED—EVIDENCE.

In an action upon a replevin-bond, it is competent for the defendant, in mitigation of damages, to show title to the property in the plaintiff in replevin, and the plaintiff may rebut such evidence, by showing that the deed, under which the plaintiff in replevin claimed title, was fraudulent and void.

Action of debt [by Tench Ringgold, for the use of Robert Boone, against Samuel Bacon] upon a replevin-bond, given by one Hardin, who replevied the goods which had been seized by the present plaintiff, Tench Ringgold, marshal of the District of Columbia, upon a fieri facias at the suit of Robert Boone, against one Charles J. Queen. The defendant, Samuel Bacon, was one of Hardin's sureties in the replevin-bond. The breach assigned was, that Hardin, the plaintiff in replevin, did not prosecute his writ with effect, having been non-prossed upon a rule to declare.

Upon the trial of this action upon the replevin-bond, Mr. Wallach and Mr. Jones, for defendant, in mitigation of damages, offered evidence that Hardin, the plaintiff in replevin, was the owner of the goods replevied; and cited McDaniel v. Fish [Case No. 8,744], in this court, at December term, 1818.

R. P. Dunlop, contra, cited Pye v. Wood, 3 Har. & J. 504: that, in debt on a replevin-bond, the defendant cannot give in evidence, in mitigation of damages, the worthlessness of the property replevied.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Wallach, in reply, cited Wood v. May [Case No. 17,956], in this court at the last term.

THE COURT (THRUSTON, Circuit Judge, doubting,) said, that as this matter, if pleaded to this action, would not be a bar, it may be given in evidence, in mitigation of damages, in this case, although it would have been a bar to the avowry, if it had been pleaded in the action of replevin.

Mr. Key, for plaintiff, then offered evidence to prove that the deed, under which Hardin, the plaintiff in replevin, claimed title to the goods, was fraudulent and void, and that one Richard T. Queen, held the property in trust for Charles J. Queen, as whose goods the marshal had seized them in execution, at the suit of Robert Boone. Deady v. Harrison, 1 Starkie, 60.

THE COURT (nem. con.) permitted the evidence to be given.

Verdict for plaintiff $352.37 with interest from 28th December, 1824.